## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Randal G. Soppeland,                                          CIVIL NO. 07-2118 (PAM/AJB)

          Plaintiff,

v.                                                            **REPORT AND RECOMMENDATION**
                                                  **ON APPLICATION FOR ATTORNEY'S FEES**

Michael J. Astrue,
Commissioner of Social Security,

          Defendant.

---

        Wayne G. Nelson, Esq., on behalf of Plaintiff.

        Lonnie F. Bryan, Esq., Assistant United States Attorney, on behalf of Defendant.

---

ARTHUR J. BOYLAN, United States Magistrate Judge.

## I.     INTRODUCTION

This matter is before the Court for a Report and Recommendation to the District Court, regarding Plaintiff Counsel's Application for Attorney's Fees [Doc. No. 27]. Plaintiff Counsel, Wayne G. Nelson, requests attorney's fees and costs, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $10,078.00.[1] For the reasons set forth below, the Court recommends that the fee application be granted.

## II.    BACKGROUND

Plaintiff filed an application for social security disability benefits on August 7, 2001. On February 21, 2004, the ALJ issued an unfavorable decision, and the Appeal Council's denial of

---

[1] In his Application for Attorney's Fees, Counsel requests $9,248.00 for attorney's fees and $350.00 in costs. Plaintiff's Counsel filed a reply to defendant's response, and he asks for an additional $480.00 in attorney's fees for preparing the reply. His total request is for $10,078.00.

review made the ALJ's findings the final decision of the Commissioner. 42 U.S.C. § 405(g). Plaintiff appealed to the United States District Court, District of Minnesota, and the case was reversed and remanded for further agency proceedings. Soppeland v. Astrue, No. 04cv4264 (DSD/RLE) (D.Minn. March 8, 2006).

The ALJ issued a second unfavorable decision on February 7, 2007. Plaintiff filed a complaint with this Court on April 30, 2007, seeking review of the denial of benefits. United States District Court Judge Paul A. Magnuson adopted the Report and Recommendation of the undersigned, which found that the evidence overwhelmingly supported a finding of disability. Order, Docket No. 25; Report and Recommendation, Docket No. 23. Thus, the District Court granted Plaintiff's Motion for Summary Judgment, denied the Commissioner's Motion for Summary Judgment, and ordered that the matter be remanded for an award of benefits. Order, Docket No. 25. Plaintiff's counsel has now filed an application seeking to collect attorney's fees and costs under 28 U.S.C. § 2412(d).

## III.    DISCUSSION

Plaintiff argues that the Commissioner's position in the underlying litigation was not substantially justified. Plaintiff reasons that the ALJ failed to follow the District Court's remand instructions to obtain supplemental information from the ME, and without further explanation, the ME's opinion was not supported by substantial evidence in the record. In his second decision, the ALJ relied on the ME's prior testimony without obtaining supplemental information regarding the basis for the ME's opinion. Plaintiff also contends the Commissioner's position was not substantially justified because the ALJ ignored the supplemental interrogatory responses of Plaintiff's treating physicians, the exact evidence the

District Court had required the ALJ to obtain in its remand order.

Plaintiff seeks a total of $10,078.00 for attorney's fees and costs. Plaintiff provided an itemized affidavit for 57.80 hours of work at a rate of $160.00 per hour for a total of $9,248.00 plus $350.00 for the court filing fee, and $480.00 for three hours of work preparing a reply in this matter. Plaintiff contends the requested amount is reasonable and consistent with the allowance of a cost of living increase in the hourly rate established by 28 U.S.C. § 2412(d)(2)(A)(ii). Defendant argues that it was reasonable for the ALJ to find that Dr. Steiner's opinion was supported by the record evidence. Defendant also contends the ALJ had a rational basis for concluding that Dr. Perra's opinion was entitled to little weight, and reasonably concluded that Plaintiff was not credible. Thus, Defendant argues Plaintiff is not entitled to an award of attorney's fees and costs because the agency's position was substantially justified. Defendant does not otherwise contest the reasonableness of the fees requested by Plaintiff.

The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(a), provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The burden is on the Government to show that its position was substantially justified. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003). "The standard is whether the Secretary's position is 'clearly reasonable, well founded in law *and fact*, solid though not necessarily correct." Id.

(quoting Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995) (emphasis added in original)).

The Commissioner's position in this case was not clearly reasonable or well founded in fact. First, after the case was remanded to the Commissioner for further proceedings because the record did not support the ALJ's decision to grant more weight to the medical expert's opinion over the treating physicians' opinions, the ALJ adopted the same medical expert's opinion without supplementing the record to correct the deficiencies noted by the Court. Specifically, the medical expert did not explain the basis of his opinion, which was in conflict with the opinions of Plaintiff's treating physicians. Report and Recommendation at 33, Docket No. 23.

Second, the Commissioner was unreasonable in rejecting evidence that overwhelming supported Plaintiff's disability claim. See Lauer v. Barnhart, 321 F.3d at 764 (quoting Gowen v. Bowen, 855 F.2d 613 (8th Cir. 1988)). The record as a whole, including the opinions of Plaintiff's treating physicians based on objective findings, Plaintiff's daily activities, Plaintiff's consistent treatment for severe pain, and Plaintiff's solid work history, all supported Plaintiff's claim. Report and Recommendation at 36-38, Docket No. 23.

## III.   CONCLUSION

The EAJA provides for an award of fees in this case. Plaintiff's Counsel, through his affidavit of attorney fees and Reply to Defendant's Response to EAJA Application for Attorney's Fees, requests fees in the amount of $10,078.00, calculated at the rate of $160.00 per hour for 60.8 hours and $350.00 in costs. Therefore, Plaintiff should be awarded fees in the amount of $10,078.00.

## **RECOMMENDATION**

For the foregoing reasons, it is hereby recommended that Plaintiff be awarded attorney fees and costs in the amount of $10,078.00, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412  [Docket No. 27].

Dated: July 28, 2008

                                                  s/ Arthur J. Boylan
                                                  Arthur J. Boylan
                                                  United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 11, 2008.